### ·Andrew Kenyon *vs.* Joshua Peckham.

A. being in the general employ of B., who had contracted to build a house for C., did work by B.'s orders upon its chimney. He afterwards did work for B. at other places, and at a later period was again sent by him to do work on C.'s house. Within thirty days after commencing the latter work, but more than thirty days after commencing that on the chimney, he gave notice in writing to C. that he claimed a lien on the house for the work done. *Held*, that the notice was given in time to save his lien under Rev. Stat· chap. 150, § 6, for the work last done on the building, and that it was not affected by his having previously done on the chimney work, the lien for which had been lost by lapse of time.

Petition for the enforcement of a lien under chapter 150 of the Revised Statutes, entitled " Of the Lien of Mechanics." The facts of the case and the grounds upon which the lien was claimed appear in the opinion of the court.

*Gilpin*, for the petitioner.

*Sheffield*, for the respondent.

*F. B. Peckham, Jr.*, for attaching creditors and a mortgagee of the estate on which the lien was claimed.

Brayton, C. J. The petitioner in this case claims a lien upon the building of the respondent, not as an original contractor with the owner of the estate, but as having done work and labor in the erection of the building, at the request of the original contractor, for the construction of the building. And he must bring himself within the provisions of sec. 6 of chap. 150 of the Revised Statutes, " Of the Lien of Mechanics," which re-

quires that the person who does work upon the building, at the request of the contractor, shall, in order to maintain a lien for such work, give notice in writing to the person against whose estate he claims a lien, within thirty days after commencing the work, that he has commenced the work, and claims the benefit of the lien.

The evidence offered to sustain the lien was, that the petitioner had been in the employ of the contractor, who had other contracts for building for other persons, but was hired for no particular time, nor to do any definite work.

In the course of his employment he was sent to work upon and build the chimney of the respondent's house. That work was completed more than thirty days before any notice to the respondent. After this he was requested to do other work for the contractor in other places. And within the thirty days in which notice should be given, the contractor sent him to do other work upon the respondent's house at different times, and from time to time as he had occasion for his labor, for which he now claims a lien.

The objection made to any lien in favor of the petitioner is, that he commenced work upon the building more than thirty days before the notice given, by his work done upon the chimney, and so his notice was not in time to save his lien. The objection is clearly sufficient to defeat any lien for the work upon the chimney. This is lost by lapse of time. But how this should affect a lien for work done upon a request made within thirty days and performed within thirty days, we are unable to see.

The question as to every item of the work for which a lien is claimed is, whether that item was part of an entire work which he was requested to perform, and if part of the same work thus requested, was performed more than thirty days before. Was the work thus requested to be done begun more than thirty days before ?

By section 5, the contractor, if the contract be not in writing, is required to commence proceedings to enforce his lien within six months from the time he shall have commenced the work, *i. e.* the work contracted for, or his lien is lost. This does not affect any work done under any other contract, or other work done by request simply. So work done under one request can

in nowise affect work done under another. A lien for the one may be lost and the other remain good.

Under an oral contract the contractor is barred of his remedy for any work done under the contract, unless he proceed within six months after he commenced the work contracted for. The person who is requested to do work is barred of any remedy for any of the work requested to be done, unless he give notice within thirty days after he commenced the work requested. And the question occurs what was he requested to do? What work?

The evidence clearly enough shows that the petitioner when he performed his work upon the chimney was not requested to do any of the work which he afterwards and within the thirty days performed. And for anything that appears, his notice is within the time required by the statute to save his lien for the work done within the thirty days next before.

*Judgment for petitioner.*